UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LEELAND ELI EISENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00240-JRS-DLP |
| | ) | |
| VATICAN, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Denying Motion for Recusal and
### Motion to Proceed *In Forma Pauperis*

Plaintiff Leeland Eli Eisenberg alleges that a pope's edict and the Vatican's subsequent campaign of deception and secrecy concealed a priest's history of sexual abuse, enabling that priest to sexually abuse Plaintiff. Plaintiff moves for recusal (ECF No. 18) and to proceed *in forma pauperis* (ECF No. 2), among other things.

### Recusal

Plaintiff moves for recusal on various grounds. (ECF No. 18.) First, Plaintiff contends that the Court's identification of Plaintiff as (1) a prisoner (2) seeking to proceed *in forma pauperis* (3) to obtain monetary relief ($8.5 billion) demonstrates bias. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court *shall* dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks *monetary relief* against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). It is therefore relevant—indeed essential—to the Court's discharge of its statutory obligations under § 1915 that the

1

Court determine whether a plaintiff seeks to proceed *in forma pauperis* (triggering the application of § 1915) and whether that plaintiff "seeks monetary relief."

Section 1915 imposes further requirements where the plaintiff is a prisoner. "A prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). Moreover, "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *Id.* § 1915(b)(1). Thus, it is likewise essential to the administration of § 1915 that the Court determine whether a plaintiff is a prisoner. In short, the Court's identification of Plaintiff as a prisoner seeking to proceed *in forma pauperis* to obtain monetary relief is required by 28 U.S.C. § 1915 and therefore does not constitute "irrelevant character assassination" or "imply that **this** Plaintiff is entitled to less justice or sep[a]rate unequal application of the law[.]" (ECF No. 18 at 1.)

Plaintiff further contends that the Court's show cause order demonstrates bias because the Court "raise[d] the Defendant's affirmative defense of (immunity) [sic] even before the Defendant's [sic] themselves [sic] invoke[d] such a defense." (ECF No. 18 at 2.) Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). To fulfill that obligation, this Court orders the party invoking federal jurisdiction to show cause as a matter of course whenever subject-matter jurisdiction is in doubt. *See, e.g., Lusher Site Remediation*

*Grp. v. Nat'l Fire Ins. Co. of Hartford*, No. 1:18-cv-3785-JRS-DLP, ECF No. 129 (June 17, 2019); *Ehret v. Genesis Networks, Inc.*, No. 1:19-cv-1945-JRS-MPB, ECF No. 6 (May 22, 2019); *Riggins v. Sampson*, No. 1:19-cv-1247-JRS-MPB, ECF No. 6 (April 9, 2019). Plaintiff's complaint specifically identifies the defendant in this matter as "The Vatican, Foreign Sovereign Nation State." (Compl. 1, ECF No. 1.) The Foreign Sovereign Immunities Act provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States" subject to certain exceptions. 28 U.S.C. § 1604. Plaintiff's own allegations therefore call subject-matter jurisdiction into doubt, and the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," so the Court issued a show cause order here as it would in any other such case.

Finally, Plaintiff argues that recusal is necessary because "this Judge, perhaps by his apparent **'Irish' 'Catholic' 'Family Heritage'**, has a religious bias and judicial animus towards this Plaintiff[.]" (ECF No. 18 at 2.) "Courts have repeatedly held that matters such as race or ethnicity are improper bases for challenging a judge's impartiality." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 37 (2d Cir. 1998) (affirming sanctions against attorneys who "posed interrogatories to the district judge strongly implying that he was not impartial based solely on his appointment by the Clinton administration and on his being Asian-American"). Religion is likewise an improper basis for challenging a judge's impartiality. *See In re Evans*, 801 F.2d 703, 704 (4th Cir. 1986) (affirming disbarment of attorney who accused magistrate judge of religious bias). Neither boldface type, underscores, nor scare quotes

transform ethnicity or religion into proper bases for a motion for recusal. And besides, Plaintiff's suggestion of partiality based on religion in this case is a double-edged sword: the alleged wrongdoers here were Roman Catholic, yes, but so were the alleged victims. *See* Compl. ¶ 14 ("this Plaintiff church parishioner").

Plaintiff's motion for recusal (ECF No. 18) is **denied**.

### *In Forma Pauperis*

Plaintiff moves to proceed *in forma pauperis*. As mentioned above, 28 U.S.C. § 1915(a)(2) provides that a prisoner seeking to proceed without prepayment of fees "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The court then "shall assess" a partial payment of the filing fee calculated based on the trust fund account's deposits or balance. *Id.* § 1915(b)(1).

Plaintiff has not submitted a trust fund account statement, instead challenging (1) the applicability of the Prison Litigation Reform Act to this suit on the grounds that it does not relate to prison conditions and (2) the constitutionality of the filing-fee provisions for prisoner-litigants on the grounds that they run afoul of equal protection and due process. Both arguments fail. First, § 1915(a)(2) and (b) apply to any "prisoner seeking to bring a civil action . . . without prepayment of filing fees" without regard for the subject matter of the action. And second, Seventh Circuit precedent

forecloses Plaintiff's equal protection and due process arguments. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("Although Congress must act rationally when deciding which litigants must contribute toward the cost of the judicial system . . . it is within the legislative power to place special limitations on prisoners' litigation."). Several other circuits have likewise held that the filing-fee provisions of the Prison Litigation Reform Act are rationally related to the legitimate goal of deterring abuse of the federal judicial system and therefore constitutional. *See, e.g., Christiansen v. Clarke*, 147 F.3d 655 (8th Cir. 1998), *cert. denied*, 525 U.S. 1023; *Tucker v. Branker*, 142 F.3d 1294 (D.C. Cir. 1998); *Nicholas v. Tucker*, 114 F.3d 17 (2d Cir. 1997), *cert. denied*, 523 U.S. 1126; *Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997); *Mitchell v. Farcass*, 112 F.3d 1483, 1487–89 (11th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1286–87 (6th Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 232–234 (4th Cir. 1997).

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **denied**. Plaintiff shall have until **October 1, 2019**, to either file a properly supported motion to proceed *in forma pauperis* or prepay the filing fee in full. Failure to do so in the time provided will result in dismissal.

### Remaining Motions

The Court reserves ruling on Plaintiff's remaining motions, as well as his response to the show cause order, until Plaintiff files a properly supported motion to proceed *in forma pauperis* or prepays the filing fee, or until the time provided to do so has

passed.  The **clerk is directed** to send Mr. Eisenberg a form for seeking *in forma pauperis* status with his copy of this Order

    **SO ORDERED.**


Date: 8/30/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

LEELAND ELI EISENBERG
15477-049
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808